IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TYRONE WAYNE ANDERSON, :
　　　　　　　　　　　　　　　　　:
　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　v. : Civ. No. 18-2061-LPS
　　　　　　　　　　　　　　　　　:
DEPARTMENT OF CORRECTION, et al., :
　　　　　　　　　　　　　　　　　:
　　　　Defendants. :

Tyrone Wayne Anderson, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 23, 2019
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Tyrone Wayne Anderson ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) He also requests counsel. (D.I. 4) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

## II. BACKGROUND

Plaintiff alleges his constitutional rights were violated when he was transferred from the JTVCC to the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, on February 2, 2017, following the JTVCC prison uprising that resulted in the death of correctional officer Lt. Steven Floyd. At the time, Defendant David Pierce ("Pierce") was the JTVCC warden. Plaintiff alleges that Defendant Delaware Department of Correction's ("DOC") Perry Phelps ("Phelps") ordered the transfer of some JTVCC inmates to the HRYCI in order to make room so that inmates who had been housed in the JTVCC C Building, where the uprising occurred, could be housed elsewhere.

At the time, Defendant Steven Wesley ("Wesley") was the HRYCI warden. (D.I. 3 at 7) When Plaintiff arrived at the HRYCI, he was housed in "inmate confinement" or "the hole," and he remained there until March 3, 2017. Plaintiff alleges he had done nothing wrong and had no write-ups. However, while housed in "the hole," Plaintiff alleges that he was repeatedly cuffed during bars and window checks, fed "under portion and mistreated," and that the guards spoke to

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

him as if he had participated in the prison uprising. (D.I. 3 at 6) Plaintiff alleges that he was denied mental health attention and there was a continued lack of medical and mental health care – although he also alleges that every day a nurse made rounds to see if he was stable. (*Id.*) He further alleges there was a non-responsive and ineffective grievance system for medical and other grievances. (*Id.*) At some point, Plaintiff returned to the JTVCC. He was housed there when he commenced this action on December 28, 2018. (D.I. 3)

For relief, Plaintiff wants Defendant DOC to be held accountable.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d

Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Although "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.*

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a

3

claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Eleventh Amendment

The DOC is named in the caption of the complaint and the prayer for relief seeks to hold it "accountable." The DOC is an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). In addition, dismissal is proper because the DOC is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. Aug. 1, 2008).

Accordingly, the Court will dismiss the claims against the DOC pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2), as it is immune from suit.

### B. Transfer

Plaintiff complains that he was transferred from the JTVCC to the HRYCI with no wrongdoing, write-ups, or charges. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983).

The claim is frivolous and will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### C. Due Process

Plaintiff alleges that he was sent to "inmate confinement" or "the hole" for no reason and remained there for 30 days. He acknowledges he was sent there following the prison uprising at the JTVCC.

To succeed on a due process claim based upon his 30-day confinement, Plaintiff must first demonstrate that he was deprived of a liberty interest. *See Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002). The Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subjected are within the sentence imposed and do not otherwise violate the Constitution. *See id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). Because "inmate confinement at a different administrative security level is the sort of confinement that Plaintiff should reasonably anticipate receiving at some point in his incarceration, his transfer to less amenable and more restrictive custody does not implicate a liberty interest that arises under the Due Process Clause. *See Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002). Nor does Delaware state law create liberty interests that

5

are protected by the Due Process Clause and implicated here. *See Carrigan v. Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997) ("Repeatedly, this [c]ourt has determined that the State of Delaware has created no constitutionally protected interest in a prisoner's classification."); 11 Del. C. § 6529(e) (giving Department of Corrections power to maintain any system of classification at its institutions). In addition, administrative custody for a period as long as 15 months has been recognized as not an atypical and significant hardship. *See Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997). Plaintiff's contention that he was held in "inmate confinement" for 30 days fails to state a claim based on any atypical or a significant hardship that would deprive him of a state created liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Fountain v. Vaughn*, 679 F. App'x 117 (3d Cir. Feb. 17, 2017).

The claim is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### D. Conditions of Confinement

Plaintiff alleges that during the relevant time-frame, he was cuffed repeatedly during "bars and window checks," fed "under portion and mistreated," and the guards spoke to him as if he had participated in the prison uprising. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or if it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

When an Eighth Amendment claim is brought against a prison official, it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known of or been aware of the excessive risk to inmate safety. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

6

Although the conditions under which Plaintiff was housed at the HYRCI may be harsher than those at the JTVCC, they do not constitute a denial of "the minimal civilized measures of life's necessities." *See, e.g., Williams v. Delo*, 49 F.3d 442, 444-47 (8th Cir. 1995) (holding no Eighth Amendment violation where prisoner was placed in strip cell without clothes, water in cell was turned off and mattress removed, and prisoner's bedding, clothing, legal mail, and hygienic supplies were withheld). In addition, while Plaintiff claims he was cuffed more often than he liked, he received smaller food portions, he was mistreated, and the guards spoke to him in an accusatory manner, he has named no specific individual who took these actions, nor has he alleged that prison officials knew of, and disregarded, an excessive risk to his health or safety. *See Beers-Capitol*, 256 F.3d at 125.

Plaintiff may have found his conditions of confinement uncomfortable, but the alleged conditions are no different than those afforded to other inmates who are housed with him. For this and the other reasons stated, the claim is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### E. Medical Needs

Plaintiff alleges that he was denied mental health attention and there was a continued lack of medical and mental health care. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer*, 511 U.S. at 837. A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S.

7

at 104-05. The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197.

Here, Plaintiff complains he did not receive mental health treatment, but he also indicates that he was checked on a daily basis by a nurse. In addition, there are no allegations directed towards any named Defendant. Even when reading the Complaint in the light most favorable to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need.

The claim is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

F.      Grievances

Plaintiff alleges "there was a non-responsive and ineffective grievance system for medical grievances and other grievances." (D.I. 3 at 6) The filing of prison grievances is a constitutionally protected activity. *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. Nov. 7, 2006). However, to the extent Plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. Aug. 18, 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim, as Plaintiff is free to bring a civil rights claim in District Court. *See Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. July 28, 2009) (citing *Flick v. Alba*, 932 F.2d at 729).

8

Accordingly, the claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot the request for counsel (D.I. 4); and (2) dismiss the Complaint based upon the DOC's immunity from suit and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). The Court finds amendment futile.

An appropriate Order will be entered.